```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Division
```

NATIONAL STABILIZATION             )
AGREEMENT OF THE SHEET METAL       )
INDUSTRY TRUST FUND, et al.,       )
                                   )
    Plaintiffs,                    )
                                   )
    v.                             )   Civil Action No. 1:08cv731
                                   )
INDIANA PANEL AND GLASS            )
ERECTORS, INC.                     )
d/b/a Indiana Panel & Glass        )
Erectors, Inc.                     )
d/b/a Ind. Panel & Glass           )
Erectors, Inc.                     )
d/b/a Indiana Panel & Glass        )
Erectors,                          )
                                   )
    Defendant.                     )

### REPORT AND RECOMMENDATION

This matter came before the Court upon the Order of the Honorable T.S. Ellis, III and upon the Motion for Default Judgment of plaintiffs, the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry), Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), National Energy Management Institute Committee ("NEMI"), and Sheet Metal Occupational Health Institute Trust Fund ("SMOHI") (collectively,

"plaintiffs")[1] against defendant Indiana Panel and Glass Erectors, Inc. ("defendant") for an <u>ex parte</u> proof of damages hearing on October 10, 2008.

## I. INTRODUCTION

### A. Background

Plaintiffs SASMI, NPF, SMWIASF, and ITI are jointly trusted trust funds established and maintained under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2), and (3).  (Compl. ¶¶ 5-7.)  Plaintiffs NEMI and SMOHI are jointly trusted trust funds established and maintained under 29 U.S.C. § 186(c).  (<u>Id</u> at ¶¶ 10-11.)  Defendant is an Indiana corporation and employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7), and  1002(5), (11), and (12).  (<u>Id.</u> at ¶ 15.)

Plaintiffs filed this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1145, and also under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements.  Plaintiffs seek damages, injunctive relief, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreements

---

[1] NPF, ITI, NEMI, SMWIASF, and SMOHI are jointly referred to as "National Funds" and together with SASMI as "Funds."

("Labor Contract") with the Sheet Metal Workers' International Association, Local Union No. 20, to which defendant was a party. The Labor Contract also binds defendant to the terms and conditions of the National Funds' Trust Agreement and the SASMI Rules and Regulations. (See id. at ¶¶ 12-25, Bradshaw Decl. ¶¶ 5-7; Shaw Decl. ¶¶ 7-9.)[2]

## B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 185(a), 1132 and 1145. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a).

Plaintiffs maintain their principal places of business and are administered in this district. (Compl. ¶ 9.) This Court has personal jurisdiction over defendant under its decision in Board

---

[2] The collective bargaining agreement, the Trust Agreement, and the Rules and Regulations are hereinafter collectively referred to as "the Agreements."

of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

### C. Service of Process

Process was served on defendant by hand-delivering copies of the Summons and Complaint to Duane McKay, Registered Agent of defendant corporation, at 9911 Hard Key Circle, Indianapolis, Indiana, on August 7, 2008.

### D. Grounds for Default

Plaintiffs filed their Complaint on July 16, 2008. Defendant has failed to appear, answer, or file any other responsive pleadings in this matter.  On September 18, 2008, plaintiffs filed a Request for Entry of Default with the Clerk's office. The Clerk entered Default against defendant on September 19, 2008.  On September 10, 2008, the Honorable T.S. Ellis, III signed an Order setting the matter for an ex parte proof of damages hearing before the undersigned Magistrate Judge on October 10, 2008.  After the defendant failed to appear at the October 10 hearing, the undersigned Magistrate Judge took the case under advisement to issue this Report and Recommendation.

### II.   FACTUAL FINDINGS

Based on the Complaint; the Declaration of Harold W. Bradshaw, Fund Administrator for the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("Bradshaw Decl."); the Declaration of Walter Shaw, the Billing and Eligibility Manager of the Sheet Metal Workers' National Pension

4

Fund[3] ("Shaw Decl."); the Declaration of Jerome A. Flanagan, Esquire, plaintiffs' counsel ("Flanagan Decl."); and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings of fact.

Plaintiffs seek to collect unpaid monthly benefit plan contributions, interest and liquidated damages on unpaid and delinquent contributions, and attorneys' fees and costs due under the terms of the Agreements governing the relationship between AAF and the plaintiffs. The Agreements were approved on plaintiffs' behalf by Sheet Metal Workers' International Association Local Union No. 20. (Bradshaw Decl. ¶ 4; Shaw Decl. ¶ 3.) Plaintiffs seek an order holding defendant liable and requiring defendant: (1) to file remittance reports and make timely contributions due the National Funds for the months of November 2007 through January 2008; (2) to file remittance reports and make timely contributions due the SASMI for the period of November 2007 through January 2008; (3) to permit plaintiffs to conduct an audit of the defendant's wage, payroll, and personnel records for all periods for which defendant is obligated to contribute to the Funds; (4) to pay all additional unpaid contributions, all contractual late charges, all interest and liquidated damages on the unpaid contributions, and all costs of the audit; and (5) to pay plaintiffs' reasonable attorneys'

---

[3] Mr. Shaw is employed by Associated Third Party Administrators, Inc., the administrative manager of NPF. (Shaw Decl. at ¶ 1.)

fees and costs in bringing this action, as well as any additional fees and costs incurred in the execution of any judgment awarded. (Compl. ¶¶ 17-24, 26-28; 29-35; Bradshaw Decl. ¶¶ 5-7; Shaw Decl. ¶¶ 7-9.)

In addition, plaintiffs seek injunctive relief enjoining the defendant and all persons acting on defendant's behalf from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which defendant is obligated to do so under current and future collective bargaining agreements.  (Compl. ¶¶ 37-43.)

### A. Money Damages

The Agreements require defendant to submit monthly contributions to the plaintiffs on behalf of all employees in the bargaining unit.  Contributions must be made for each hour for which employees worked, each hour for which employees were paid, and for the wages and fringe benefits due at the contribution rate specified in the Agreements.  In addition to monthly contributions, the Agreements require defendant to submit monthly remittance reports on which the defendant is to list, inter alia, its employees and the hours they worked or for which they received pay that month, and the wages and fringe benefits due to or on behalf of covered employees.  The completed remittance reports and accompanying contributions are due the Funds by the twentieth (20th) day of the month following the month in which covered employment occurred ("due date").  (Compl. ¶¶ 20-21.)

6

In violation of the Agreements, defendant has failed to submit timely monthly contributions to SASMI and the National Funds for the period November 2007 through January 2008. (Bradshaw Decl. ¶¶ 5-6; Shaw Decl. ¶¶ 7-8.)

Pursuant to the Agreements and under § 502(g)(2) of ERISA, plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid;[4] (3) liquidated damages for contributions which were paid late or remain unpaid;[5] and (4) reasonable attorneys' fees and the costs of this action.[6]

The amounts due in unpaid and delinquent monthly contributions, accrued interest on unpaid and delinquent contributions, liquidated damages on unpaid and delinquent contributions, and attorneys' fees and costs for each of the Funds are summarized as follows:

---

[4] For both the National Funds and SASMI, interest is calculated according from the date the contributions became due until the date of actual payment at a rate of eight and one-half percent (8.5%). (See Compl. at ¶¶ 22(a), 23(a).) Plaintiffs calculated interest incurred through June 2, 2008 (Pls.' Mot. Default J. ¶ 4.)

[5] For both the National Funds and SASMI, liquidated damages are calculated at twenty percent (20%) of the contribution amount for contributions that are unpaid as of the commencement of the litigation. (Pls.' Mot. Default J. ¶ 4 n.4.)

[6] Plaintiffs calculated attorneys' fees and costs incurred through September 30, 2008. (Flanagan Decl. ¶ 2.)

| Fund | Payments Due | Interest | Liq. Dam. | Late Fees | Total |
|---|---|---|---|---|---|
| NPF | $ 13,375.74 | $ 424.17 | $ 2,675.13 | $ 4,330.54 | $ 20,805.58 |
| ITI | 424.80 | 13.47 | 84.93 | 165.03 | 688.23 |
| NEMI | 106.20 | 3.36 | 21.21 | 40.85 | 171.62 |
| SMOHI | 70.80 | 2.24 | 14.13 | 27.16 | 114.33 |
| SMWIASF | 35.40 | 1.12 | 7.05 | 13.29 | 56.86 |
| SASMI | 4,392.42 | 139.29 | 878.46 | 1,587.95 | 6,998.12 |
| **TOTAL** | **$ 18,405.36** | **$ 583.65** | **$ 3,680.91** | **$ 6,164.82** | **$ 28,834.74** |

(Pls.' Mot. Default J. ¶ 4; Pls.' Mem. Supp. Mot. Default J. 6-11; Bradshaw Decl. ¶ 6; Shaw Decl. ¶ 8.)

### B. Injunctive Relief

Plaintiffs also seek injunctive relief pursuant to 29 U.S.C. §§ 1132(g)(2), which authorizes plaintiffs to recover "such other legal or equitable relief as the court deems appropriate." (Compl. ¶¶ 28, 35, 38.) In this case, plaintiffs are seeking to: (1) require defendant to submit to an audit, pursuant to the Agreements, that would reveal the exact amount of its unpaid contributions (in the event that amount differs from the amount contained in defendant's remittance reports); and (2) enjoin defendant from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which defendant is obligated to do so under current and future collective bargaining agreements. (Pls.' Mem. Supp. Mot. Default J. 12-13; Proposed Default Judgment and Order ¶¶ 5, 7.) Accordingly, the injunction plaintiffs request provides:

> Defendant shall submit to an audit of its wage, payroll, and personnel records for all periods for which defendant is obligated to contribute to plaintiffs within twenty (20) days of the date this

>        Order becomes final, and defendant shall pay all contributions, interest, and liquidated damages determined by such audit to be due, as well as the costs of such audit.
>
>        Because of defendant's persistent failure to meet its reporting and payment obligations to plaintiffs under the terms of the collective bargaining agreements, the Funds' Agreements and Declarations of Trust and 29 U.S.C. § 1145, defendant, their officers, agents, servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which defendant is obligated to do so under the current and any future collective bargaining agreement(s) to which it is bound.

(Proposed Default Judgment and Order ¶¶ 5, 7.)

To determine whether injunctive relief is appropriate in a given case, the Court must balance the following four factors: (1) the likelihood of success on the merits of the plaintiff's claim (for a preliminary injunction), or the existence of actual success on the merits (for a permanent injunction); (2) the likelihood of irreparable injury to the plaintiff in the absence of an injunction; (3) the likelihood of harm to other interested persons if an injunction is issued; and (4) the public interest in granting versus not granting the injunction. See Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987); Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc., 550 F.2d 189, 193, 196 (4th Cir. 1977).

Where, as here, defendant has defaulted and plaintiffs are entitled to a default judgment, plaintiffs have shown actual

success on the merits.  Additionally, plaintiffs have established that defendant's continuing conduct is causing them irreparable injury that cannot be fully remedied by a damage award.  (Compl. ¶¶ 34, 37.)  Moreover, based on the facts established, the balancing of harm to the parties and to the public interest weighs in favor of granting the injunctive relief plaintiffs seek in this case.  This finding is supported by plaintiffs' representation that the "loss of investment income [resulting from defendant's failure to pay plaintiffs] combined with the added administrative expense and the requirement to continue to pay benefits will eventually affect the actuarial soundness of [plaintiffs and] deplete resources available to pay current health and retirement benefits."  (Pls.' Mem. Supp. Mot. Default J. 13.)  Therefore, the undersigned Magistrate Judge finds that plaintiffs are entitled to the injunctive relief they seek in this case.

### C. Attorney's Fees and Costs

Plaintiffs also seek $5,045.19 in attorneys' fees and costs incurred pursuing this action.  Having examined the record, the Declaration of Jerome A. Flanagan, Esquire, and the Time and Expense Report submitted by Jennings Sigmond, P.C., the undersigned Magistrate Judge finds that the amount claimed for attorneys' fees is reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

III.   RECOMMENDATION

The undersigned Magistrate Judge recommends entry of judgment in favor of plaintiffs against defendant, having concluded that plaintiffs, the Board of Trustees for the National Stabilization Agreement of the Sheet Metal Industry Trust Fund, the Sheet Metal Workers' National Pension Fund, the International Training Institute for the Sheet Metal and Air Conditioning Industry, the Sheet Metal Workers' International Association Scholarship Fund, the National Energy Management Institute Committee, and the Sheet Metal Occupational Health Institute Trust Fund, collectively, are entitled to recover the following: $18,405.36 in unpaid contributions; $583.65 in accrued interest through June 2, 2008; $3,680.91 in liquidated damages; $6,164.82 in late fees; and $5,045.19 in reasonable attorneys' fees and costs.  The recommended award total is $33,879.93.

The undersigned Magistrate Judge further recommends granting the following injunctive relief: (1) that defendant is ordered to file remittance reports, if not already filed, and make payments due, within twenty (20) days of the date of this Order, for the period November 2007 through January 2008 for both the National Funds and SASMI, and for all other periods for which defendant is obligated until the expiration of the current collective bargaining agreement and extensions thereto; (2) that defendant is ordered to permit plaintiffs to conduct an audit of its wage, payroll and personnel records, within twenty (20) days of the

date of this Order, for all periods for which defendant is obligated to contribute to the Funds under the collective bargaining agreement; (3) that should such an audit reveal unreported hours and that additional contributions are due, defendant is ordered to pay all additional unpaid contributions, all interest, and liquidated damages on those unpaid contributions, and all costs of the audit; and (4) that defendant, its officers, agents, servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them, are restrained and enjoined from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which defendant is obligated to do so under its current and future collective bargaining agreements.

If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## IV.  NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of its service.  A failure to object to this Report and

Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

    Indiana Panel And Glass Erectors, Inc.
    d/b/a Indiana Panel & Glass Erectors, Inc.
    d/b/a Ind. Panel & Glass Erectors, Inc.
    d/b/a Indiana Panel & Glass Erectors
    c/o Duane McKay, Registered Agent
    9911 Hard Key Circle
    Indianapolis, IN 46236

                                               /s/
                                    THERESA CARROLL BUCHANAN
                                    UNITED STATES MAGISTRATE JUDGE

October 21, 2008
Alexandria, Virginia